UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-206 (MJD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Alan Burckhardt, | |
| Defendant. | |

---

Sarah E. Hudleston, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Eric L. Newmark, Newmark Law Office, LLC, 100 South Fifth Street, Suite 2100, Minneapolis, MN 55402 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 5);

2. Defendant's Motion for Discovery and Inspection (ECF No. 15);

3. Defendant's Motion for Disclosure of Exculpatory Evidence and Impeaching Information (ECF No. 16); and

4. Defendant's Motion for Disclosure of Grand Jury Minutes (ECF No. 17).

These motions were originally scheduled to be heard by the undersigned on December 16, 2020.  (*See* ECF No. 23.)  The parties subsequently agreed that the hearing be canceled, and the motions be decided on the papers.  (Joint Letter from the Parties, ECF

1

No. 25.) The hearing was stricken and the motions were taken under advisement. (ECF No. 26.) Based upon the record and memoranda, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 5), is **GRANTED**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. There was no objection by Defendant to the Government's motion. The Court will address the disclosure of expert witnesses in connection with Defendant's Motion for Discovery and Inspection (ECF No. 15). *See infra* ¶ 2.

2. Defendant's Motion for Discovery and Inspection (ECF No. 15) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks materials subject to disclosure under Rule 16 of the Federal Rules of Criminal Procedure as well as information, including statements, regarding unindicted alleged co-conspirators, witnesses, non-witnesses, and other persons interviewed. Defendant further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that his counsel be notified. The Government acknowledges its obligations under Rule 16 and the applicable case law, and states that it has and will continue to comply with such obligations. (Government's Consolidated Response to Defendant's Pretrial Motions ("Govt.'s Consol. Resp.") ¶ A, ECF No. 24.) It "objects to Defendant's discovery requests to the extent they demand more of the [G]overnment than the law requires." (*Id.*)

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced.

With respect to expert witnesses, Defendant seeks immediate disclosure of the written summary of testimony of any expert witness the Government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence at trial "[p]ursuant to [Federal Rule of Criminal Procedure] 16(a)(1)(E)."[1] The Government responds that if it elects to call expert witnesses it will comply with Federal Rule of Criminal Procedure 16(a)(1)(G). (Govt.'s Consol. Resp. ¶ A.) In its motion, addressed *supra* at paragraph 1, the Government proposes both parties make initial expert disclosures, if any, 30 days before trial. (Govt.'s Mot. ¶ A(3).) It subsequently proposes any rebuttal expert disclosures be produced by both parties no later than 10 days before trial. *(Id.)* Consistent with the Government's proposal, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). To the extent Defendant seeks information, including statements, regarding unindicted alleged co-conspirators, witnesses, non-witnesses, and other persons interviewed, this will be addressed in connection with Defendant's Motion for Disclosure of Exculpatory Evidence and Impeaching Information (ECF No. 16). *See infra* ¶ 3.

---

[1] The Court assumes Defendant's reference to Rule 16(a)(1)*(E)*, as opposed to (G), is an inadvertent typographical error.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied.

3. Defendant's Motion for Disclosure of Exculpatory Evidence and Impeaching Information (ECF No. 16) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. And, as noted above, Defendant also requests information, including statements, regarding unindicted alleged co-conspirators, witnesses, non-witnesses, and other persons interviewed. *See supra* ¶ 2. The Government responds that it will continue to comply with its discovery obligations under *Brady* and its progeny and "will disclose any evidence favorable to Defendant." (Govt.'s Consol. Resp. ¶ B.)

"The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension

4

to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. March 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion and request for information, including statements, regarding unindicted alleged co-conspirators, witnesses, non-witnesses, and other persons interviewed is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2

materials.  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.  While the Court is not ordering the Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998), the Court encourages the parties to disclose such materials no later than 3 business days before trial.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seek materials that have already been produced, such request is denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

4. Defendant's Motion for Disclosure of Grand Jury Minutes (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks to inspect and copy all minutes and transcript of the grand jury which returned the indictment against Defendant.  The Government opposes this motion, arguing Defendant "failed to show the requisite particularized need for disclosure of grand jury materials."  (Govt.'s Consol. Resp. ¶ C.)  Notwithstanding this objection, the Government states it will "voluntarily provide Defendant with any applicable Grand Jury transcript no later than three days prior to the anticipated date of the witness's testimony." (*Id.*)

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.  This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the

6

grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Defendant has not made any showing of particularized need for the requested grand jury materials. Therefore, his motion is denied except to the extent of the Government's voluntary disclosure and any other obligation to disclose such materials. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

5.   All prior consistent orders remain in full force and effect.

6.   Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: December  18 , 2020                                     *s/Tony N. Leung*
                                                              Tony N. Leung
                                                              United States Magistrate Judge
                                                              District of Minnesota

                                                              *United States v. Burckhardt*
                                                              Case No. 20-cr-206 (MJD/TNL)

7